IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROSALVA CORREA, Individually and as Personal Representative of the Estate of ADRIAN CORREA, and all Wrongful Death Beneficiaries,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)( |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Rosalva Correa, in the following capacities: (1) Individually and in her own right; (2) As heir at law of her son Adrian Correa, and his estate; (3) As surviving parent of Adrian Correa, deceased, (4) In all capacities authorized by law, including the wrongful death cause of action and survival action authorized by Section 71.004 and Section 71.021 of the Texas Civil Practice & Remedies Code, (5) As Representative of the Estate of Adrian Correa, complaining of United States of America, Defendant, and would respectfully show the Court the following:

I.

This action arises under the Federal Tort Claims Act, 28 U.S.C., Section 1346(b) and 2671 et seq.

II.

Plaintiff is a resident of El Paso County, Texas and the events complained of occurred in

El Paso County, Texas. Venue in the El Paso Division is appropriate based on 28 U.S.C., Section 1391(b).

### III.

At all relevant times, Defendant United States of America, by and through its agency, the Department of the Army, owned and operated a hospital known as William Beaumont Army Medical Center (hereafter referred to as WBAMC) and a clinic for outpatient services called the Troop Medical Clinic in El Paso, Texas.

### IV.

At all relevant times, Adrian Correa was treated by doctors, nurses, and other medical staff, some of which are unknown to the Plaintiffs, all of whom were employed as doctors, nurses and other medical assistants at WBAMC and/or the Troop Medical Clinic. In doing or omitting to do all of the things alleged herein, the Defendant, and agents of the Defendant, were acting within the course and scope of their employment, and with the permission and consent of the Defendant.

### V.

On or about June 2022, Adrian Correa underwent treatment for gastric adenocarcinoma. The Defendant delayed surgery which was the only option for Adrian Correa.

The deceased Adrian Correa after not being treated by the Defendant's agents sought medical care at M.D. Anderson Cancer Center in Houston, Texas. Unfortunately, the care then was unsuccessful due to the negligent delay of Defendant.

## VI.

In the medical care provided to Plaintiff Adrian Correa, agents of the Defendant were negligent in one or more of the following:

1. Failing to perform an ultrasound or scan of the pelvis;

2. Failing to diagnose gastric cancer;

3. Failing to timely reassess a treatment plan;

4. Misdiagnosing the condition in the pelvis and abdomen;

5. Failing to timely remove the stomach's tumor;

6. Failing to order an ultrasound or other tests that would show the pelvis and not just the abdominal wall;

7. Failing to timely diagnose and treat gastro adenocarcinoma;

8. Failing to timely diagnose and treat the condition involving Adrian's stomach.

The deceased, Adrian Correa, died as a proximate result of one or more of Defendant's acts of negligence. At the time of his death Adrian Correa was 40 years of age. He had a life expectancy of at least 40 more years.

## VII.

As a proximate result of the negligence of Defendant, Adrian Correa, on behalf of all wrongful death beneficiaries, has suffered the following damages:

1. Pecuniary damages including the loss of the care, maintenance, support, services, advise, counsel and reasonable contributions of a pecuniary value that each wrongful death beneficiary would have received from Adrian Correa had he lived.

2. Loss of companionship and society.

3. Mental anguish.

    4.      Loss of inheritance including the loss of the present value of the assets that Adrian Correa would have added to the estate and left at natural death to each wrongful death beneficiary.

As a further proximate result of the negligence of Defendant, Plaintiff, as surviving mother, claims the following survival damages on behalf of her deceased husband.

    1.      The pain and mental anguish suffered by Adrian Correa prior to his death.

    2.      The funeral and burial expenses incurred.

    3.      Medical expenses incurred prior to his death.

By reason of the foregoing the Plaintiff has been damaged in the sum of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00).

## VIII.

Plaintiff's administrative claim was timely filed in April 18, 2023. More than six months has expired since the filing of the claim, which is tantamount to a denial of the claim. Plaintiff has complied with all the requirements of the statute and has exhausted her administration remedies.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited and served to appear and answer, and upon final trial of this cause, Plaintiff have judgment against the Defendant in the sum of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), and for such other and further relief, both general and special, at law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**BOYAKI LAW FIRM**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.:  (915) 566-8688
Fax :  (915) 566-5906

By: /s/ Walter L. Boyaki
**WALTER L. BOYAKI**
Attorney for Plaintiff
State Bar No. 02759500
wboyaki@boyakilawfirm.com